UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIANO DAMON SPIVEY,

Plaintiff,

v.                                   Case Number 2:21-CV-13053
                                     HONORABLE VICTORIA A. ROBERTS
                                     UNITED STATES DISTRICT JUDGE

JUDGE LATCHANA,

    Defendant,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## THE CIVIL RIGHTS COMPLAINT

### I. INTRODUCTION

Juliano Damon Spivey, (Plaintiff), incarcerated at the Genesee County Jail in Flint, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the civil rights complaint is DISMISSED WITHOUT PREJUDICE.

### II. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:

1

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451

2

U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III. COMPLAINT

Plaintiff alleges that he has criminal charges which are pending in front of Judge Mark W. Latchana of the Genesee County Circuit Court.  Plaintiff alleges that he has been incarcerated on these charges for almost a year.  Plaintiff asked his defense counsel to file a motion to assert Plaintiff's right to a speedy trial.  When counsel failed to do so, Plaintiff filed his own *pro se* motion before the trial judge, which was denied.  Plaintiff seeks dismissal of the pending criminal charges on the ground that his right to a speedy trial is being violated.

## IV.  DISCUSSION

Plaintiff requests injunctive relief from pending criminal charges; the Court abstains from enjoining a pending state court prosecution.

In *Younger v. Harris,* 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury.  The cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered by themselves to constitute irreparable injury.

3

Instead, the threat to a state criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46. Moreover, "[t]he existence of a 'chilling effect', even in the area of First Amendment rights, had never been considered a sufficient basis, in and of itself, for prohibiting state action." *Younger,* 401 U.S. at 46. The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Younger,* 401 U.S. at 44. Thus, in cases in which a criminal defendant is seeking to enjoin ongoing state court proceedings, whether they be criminal, civil, or administrative, federal courts should not exercise jurisdiction, but should normally dismiss the case in its entirety. *Kish v. Michigan State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998)(internal citations omitted).

A federal court should employ three factors to determine whether the *Younger* abstention doctrine should apply:

1. there must be pending or ongoing state judicial proceedings;
2. these proceedings must implicate important state interests; and,
3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

Applying the above test, the Court concludes that it would be appropriate to abstain from issuing injunctive relief with respect to the criminal charges pending

4

against Plaintiff.  Moreover, if Plaintiff were to be convicted, Plaintiff would still be required to exhaust his available state court appellate remedies with the Michigan Court of Appeals and the Michigan Supreme Court prior to seeking federal relief.  For purposes of *Younger,* a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" by foregoing state appeals to attack the trial court's judgment in federal court. *New Orleans Public Service, Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 369 (1989).  A necessary prerequisite of the *Younger* doctrine is that a party [prior to contesting the judgment of a state judicial tribunal in federal court] must exhaust his or her state appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).  For purposes of the first requirement of the *Younger* doctrine, a state criminal prosecution will be considered to be pending in the state courts if at the time of the filing of the federal complaint, not all of the state appellate remedies have been exhausted. *See Tesmer v. Granholm,* 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000)(quoting *Mounkes v. Conklin,* 922 F. Supp. 1501, 1511 (D. Kan. 1996)).

Next, with respect to any ongoing criminal case, "there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F. 2d 72, 76 (2nd Cir. 1988); *See also Hansel v. Town Court for Town of*

*Springield, N.Y.,* 56 F. 3d 391, 393 (2nd Cir. 1995)("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one").

Finally, with respect to the third factor, Plaintiff has an opportunity to challenge the constitutionality of any pending criminal charges or any convictions in the state courts. Federal courts must presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir. 1995).

A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. See *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a litigant will be able to address his or her federal claim on the merits in the state court proceeding. *Id.* The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue to run. *Id.*

The Court dismisses Plaintiff's action without prejudice rather than hold the case in abeyance; any claims by Plaintiff involving his criminal case would not accrue until he was acquitted or his conviction was reversed on appeal.

## V.  CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

Based on the preceding order, this Court certifies that any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/ Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

**DATED:**  1/6/2022

7